(C.D. 4397)

FEDTRO, INC. *v.* UNITED STATES

(Dated December 26, 1972)

*Siegel, Mandell & Davidson* (*Brian S. Goldstein* of counsel) for the plaintiff.

*Harlington Wood, Jr.*, Assistant Attorney General (*Herbert P. Larsen*, trial attorney), for the defendant.

MALETZ, Judge: This case involves the dutiable status of certain self-sticking reflectors and giant protector reflectors that were imported from Japan via the port of New York. They were assessed duty by the government at 20 percent ad valorem under the provisions of item 790.55 of the tariff schedules which read as follows:

790.55    Sheets, strips, tapes, stencils, monograms, and other flat shapes or forms, all the foregoing articles (except articles provided for in item 790.50) which are pressure sensitive, with or without protective liners, and whether or not in rolls_____    20% ad val.

_____

Plaintiff claims that this assessment is in error and that the imports are properly dutiable at the rate of 17 percent under item 774.60 as other articles not specially provided for, of rubber or plastics.

In its complaint plaintiff alleges that it is the importer of the merchandise in question; that the liquidated duties on the imported articles have been paid; and that the merchandise consists of self-sticking plastic safety reflectors, models #REF-4 and 8, and giant protector reflectors, model #SIG-6. The complaint further alleges (1) that the plastic safety reflectors exhibit convex reflecting surfaces, are curved or rounded, and are characterized by prominences and depressions; and (2) that the giant reflectors do not have an adhesive coating on one or both surfaces, do not adhere to other surfaces by use of an adhesive coating but rather adhere to other surfaces through the use of suction mounts. In addition, it is claimed that the reflecting surface of the giant reflectors is not "flat" and exhibits a convex reflecting surface, is curved or rounded, and is characterized by prominences and depressions.

The complaint further alleges that the plastic safety reflectors though "pressure sensitive" are excluded from classification under item 790.55 on the stated grounds that they are not "flat" within the intendment of that provision, and that they do not come within the common meaning of that term as set out in *United Mineral & Chemical Corp.* v. *United States*, 63 Cust. Ct. 522, C.D. 3946, 307 F. Supp. 347 (1969). The giant reflector, it is added, is neither "pressure sensitive" nor "flat" within the common meaning of that term. Finally, the complaint alleges that the imports in issue are wholly or in chief value of rubber or plastics; that they are not provided for in any other provision save item 774.60; and that they are properly classifiable under item 774.60 at the rate of 17 percent ad valorem as other articles not specially provided for, of rubber or plastics.

In its answer, defendant admits each allegation of the complaint and concedes that plaintiff's claim under item 774.60 should be sustained and that the decision of the Regional Commissioner of Customs should be overruled.

Against this background, plaintiff has, pursuant to rule 4.9, moved for judgment on the pleadings to which defendant has consented. In light of these circumstances, the motion for judgment on the pleadings is granted. It is therefore ordered that the Regional Commissioner of Customs at the port of New York shall reliquidate entry No. 913318—which covers merchandise described on the invoices as models REF-4, REF-8 and SIG-6—under item 774.60 at the rate of 17 percent ad valorem as articles not specially provided for, of rubber or plastics. All other claims are overruled.